ANTONIO PILLICH, Appellant, *v.* REGISTRAR OF PROPERTY OF
SAN JUAN (FIRST SECTION), Respondent.

No. 1239. Submitted February 1, 1949.—Decided April 27, 1949.

*José Sabater* for appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the
Court.

Antonio Pillich instituted this Administrative Appeal and
prays for the reversal of the decision of the Registrar of
Property of San Juan (First Section), of July 20, 1948,
denying the cancellation of a mortgage executed in favor of
absentee Rafael Rodríguez Barreal, on appellant's property
situated within the Municipality of San Juan. For a better

understanding of the questions involved in this appeal, we find it necessary to state the facts which served as the basis to the former appeal taken by the same appellant and which was decided by this Court on April 7, 1948, *Pillich* v. *Registrar*, 68 P.R.R. 521, affirming another decision of the Registrar denying the cancellation of the same mortgage. The facts as stated in said case are as follows:

"Appellant purchased an urban property situated in Santurce and encumbered with a mortgage in favor of Ignacio Rodríguez Luiña. The latter died, and among his heirs was Rafael Rodrí-guez Barreal, to whom, among other properties, the aforesaid mortgage credit was adjudicated as part of his inheritance. Subsequent to the declaration of heirship, about the year 1929, the District Attorney of Mayagüez filed a petition in said Court wherein he set forth that at that time four years had passed with no news as to the whereabouts of Rafael Rodríguez Barreal, who had left Puerto Rico fourteen years before, without having left or subsequently appointed any attorney-in-fact; that all the proper steps had been taken to find him without success; that he was unmarried when they last heard of him and that he had left some property in the districts of Mayagüez and San Juan. By virtue of this motion, the District Court of Mayagüez appointed a judicial administrator by order of March 24, 1930.

"About the year 1940 or 1941 a sister of the absentee appeared before said district court and after setting forth the aforesaid facts and that the absentee had left Puerto Rico twenty-seven years ago without it being known whether he was dead or alive, asked that he be declared presumably dead and consequently that his presumptive heirs be placed in possession of his property; that judicial administration be closed and the preparation of an inventory of absentee's property be ordered, so as to submit it to the approval of the court, and, finally, that the property appearing from the inventory be recorded in favor of the heirs under the conditions fixed by law. The District Attorney was notified and filed no objection. The Court, after summoning the presumptive heirs for a hearing which was held on June 2, 1941, entered an order on the 30th of the same month granting the petition and ordering that an inventory be prepared and that the property appearing therefrom be recorded in favor of the heirs subject to the conditions prescribed by law.

On August 6, 1942 the order was sent in duplicate to the Registrars of San Germán and San Juan, respectively. The former recorded in favor of the heirs the property situated within the jurisdiction of his registry pursuant to the provisions of the order. The latter, however, only recorded the provisional possession of the property and mortgage credits in favor of the heirs and entered a note to that effect on February 13, 1947, from which note no appeal was taken.

"Such was the status of the property in the registry when the heirs of Rafael Rodríguez Barreal, in whose favor the provisional possession was recorded, instituted a foreclosure proceeding in the District Court of San Juan against appellant Antonio Pillich to collect the mortgage. Before the termination of the suit the respondent paid the mortgage credit as prayed by the plaintiffs, and on April 23, 1945 obtained from the District Court of San Juan an order addressed to the Registrar of Property of San Juan, First Section, ordering him to make the entry of cancellation of said mortgage." (Pages 522, 523.)

The Registrar in that case denied the cancellation, among other grounds, because it appeared from the Registry that the presumptive heirs of Rafael Rodríguez Barreal had only recorded the provisional possession of the property of the absentee. Considering at that time that the presumptive heirs of the absentee had only recorded the provisional possession of the mortgage and as, pursuant to § 51 of the Civil Code, such possession amounts to a mere deposit investing those who obtained it with the administration of the property; since § 55 of the same Code provides that persons enjoying only provisional possession can neither alienate nor encumber the real estate of the absentee and lastly, since the cancellation of a mortgage is an act of alienation, we affirmed the Registrar's note. We said:

"Just like under the Civil Code no one may convey more rights than those he has, under the Mortgage Law no one may convey more rights than those he has recorded. This principle emanates from §20 of the Mortgage Law, which provides in its pertinent part:

" 'In order to permit of the record or entry of deeds conveying or encumbering the ownership or possession of real property or property rights, the interest of the person executing it

or of the person in whose name the conveyance or encumbrance is made must first appear of record.' " (page 524.)

In order to cure their error, the heirs of Rodríguez Barreal resorted again to the District Court of Mayagüez with a petition for an order declaring the absentee presumably dead and accordingly, that an order be issued to the Registrar of Property of San Juan to cancel the mortgage credit that Pillich had already paid them. A hearing was held, no objection was raised to the petition of the heirs and the district attorney stated that he did not oppose the declaration of presumption of death, and the court so ordered. A new order was issued to the Registrar of Property and on June 25, 1948 he again denied the cancellation, among other grounds, because the District Court of Mayagüez could only decree the provisional award of the property to the presumptive heirs and that was the only right which was recorded. And since from the decision of June 30, 1941, which the Registrar interpreted as a provisional possession of the property, until the rendition of the decision of June 25, 1948, whereby the same District Court of Mayagüez decreed the presumption of death, the statutory period of fifteen years had not elapsed, the cancellation sought did not lie.

▅ If appellant carefully examines the provisions of the Civil Code under the heading Absence, he shall notice that the proceeding consists of three stages or steps which must be taken before the court has authority to decree the presumption of death. The first step is fixed by § 32 of the Civil Code,[1] which marks the beginning of the whole pro-

---

[1] Section 32 of the Civil Code provides:

"When any person who possesses movable or immovable property or rights and credits relating thereto shall be absent or shall reside out of Porto Rico, without having appointed an attorney in fact to administer his estate, or when the administrator or attorney in fact so named shall die or become legally incapable, for any reason, of continuing as such, the district court of the district in which such property is situated shall, on petition of a lawful party or of the public attorney (fiscal), appoint an administrator who shall represent the absentee and take charge of the administration of his property."

ceeding. Pursuant to this Section, an administrator should be appointed who shall represent the absentee and administer his property. The second is described in § 43 of the same Code. It provides that provisional possession of the estate belonging to the absentee shall be placed in the hands of the presumptive heirs. This step can not be taken until after five years have elapsed from the absence of the person. And the third stage takes place under § 56 after fifteen years have passed since the day in which the provisional possession of the estate of the absentee was awarded, or in which the husband or wife of the latter took over the administration of the estate, or after ninety years have passed since the birth of the absentee.

 In the case at bar the district court had no authority to decree the presumption of death without having expired fifteen years from the day in which the provisional possession was awarded to the presumptive heirs. The error of the appellant as well as of the district court lies in the fact that they begin to count the fifteen-year period mentioned in § 56 of the Civil Code from the day the administration of the estate was ordered instead of from the day the provisional possession was awarded, which are two different situations. Appellant fails to consider that the absentee was unmarried and consequently the administration could not be awarded to his wife. This being so, the term of fifteen years required before absentee can be declared presumably dead does not begin to run from the day in which the administration was granted. This is a proceeding that must be strictly followed in order for it to be valid and the fact that the absence is prolonged for many years does not empower the court to declare the absentee presumably dead unless the requirements of § 56 are complied with.

 We understand the appellant's situation in the present case. Undoubtedly it was due to his error in paying to those who had only provisional possession of the property instead of depositing the amount of the mortgage in the

District Court of San Juan where the credit was being foreclosed. But the remedy sought by the heirs of Rodríguez Barreal could not be granted by the District Court because it lacked authority to do so under § 56.

In view of the conclusion we have reached we need not consider the other grounds of the decision appealed from. It will be affirmed.

Mr. Justice Todd, Jr., did not participate herein.